# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

           Plaintiff,

   vs.

FRED JAMES NIX,

           Defendant.

2:08-cr-00283-RCJ-PAL-6

**ORDER**

Defendant Fred James Nix ("Defendant") is scheduled to appear on July 13, 2017, for a hearing regarding the revocation of his supervised release. Now pending before the Court is Defendant's emergency motion for the production of portions of his probation file, namely monthly reports and chronologies, in advance of the hearing. (ECF No. 1157.) For the reasons given herein, the motion is denied.

## I.    FACTS AND PROCEDURAL BACKGROUND

On March 29, 2010, Defendant was sentenced to sixty months' imprisonment to be followed by five years of supervised release. (ECF Nos. 319, 321.) On March 21, 2012, Defendant was released to the Residential Reentry Center ("RRC") in Las Vegas, Nevada, to complete his sentence. On May 12, 2012, Defendant walked out of the RRC and was later charged with escape. On January 22, 2013, Defendant was convicted of escape and sentenced to four months' imprisonment with one year of supervised release to follow. (*See United States v.*

*Nix*, No. 2:12-cr-366-MMD-PAL, ECF Nos. 21, 22.) The supervised release terms of both sentences were to run concurrently. Thereafter, on December 3, 2013, Defendant began serving his term of supervised release.

On April 27, 2017, United States Probation Officer Joe Nilo submitted a Petition for Warrant for Offender under Supervision ("Petition"). (ECF No. 1141.) On April 28, 2017, this Court issued an Order for a warrant for Defendant's arrest. (ECF No. 1142.) The Petition alleges that on April 22, 2017, Defendant: (1) committed the offenses of prohibited person in possession of a firearm, possession of controlled substance schedule I–IV(methylenedyoxy), and possession of marijuana with intent to sell; (2) illegally possessed a controlled substance; (3) associated with a criminal, namely Kanika Moore, who was arrested along with him for possession of marijuana with intent to sell and possession of a controlled substance; and (4) possessed a weapon as he was charged with prohibited person in possession of a firearm.

Defendant asserts that on May 10, 2017, his counsel requested various discovery from the Government, including portions of Defendant's probation file. (Mot. Prod. 4, ECF No. 1157.) In response, the Government produced Defendant's presentence investigation report and relevant police reports and search warrants, but did not produce the monthly reports or chronologies from Defendant's probation file. (*Id.*) After conferring with the Government, and learning that the Government did not have the requested probation documents in its possession, Defendant's counsel contacted the probation office directly. The probation officer involved in this case told Defendant's counsel that he would be unable to provide the requested monthly reports and chronologies without a court order, hence the instant motion.

## II.  DISCUSSION

A probationer does not have an absolute right to the disclosure of his probation file prior to a revocation hearing. Rather, the right he holds is to the disclosure of *evidence against him*.

Fed. R. Crim. P. 32.1(b)(2)(B). Accordingly, the Ninth Circuit has held that there is no due process violation where a probation file is not disclosed, so long as the documents in the file are not used as evidence at the hearing. *See, e.g.*, *United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989); *United States v. Donaghe*, 924 F.2d 940, 944 (9th Cir. 1991); *see also United States v. Neal*, 512 F.3d 427, 436 (7th Cir. 2008). The duty lies with the Government to disclose any documents it intends to offer or introduce into evidence. If the Government fails to disclose certain material, such material may not be used as evidence against Defendant. Therefore, the Court will not order a broad disclosure of documents in Defendant's probation file; the Government may not intend to use them. The duty to disclose evidence is well-established in Rule 32.1, and the Government bears the burden of compliance.

Furthermore, Defendant's assertion that the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), are applicable to revocation proceedings is fatally undermined by the case law. The Supreme Court established long ago that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). The Seventh Circuit has observed that in *Morrissey*, "the Supreme Court set forth the more streamlined process that is due to an individual already convicted of an underlying crime, but in danger of losing his conditional liberty." *Neal*, 512 F.3d at 435. That "more streamlined process" was subsequently codified in Federal Rule of Criminal Procedure 32.1(b)(2). *See id.* at 435 n.8; *see also United States v. LeBlanc*, 175 F.3d 511, 515 (7th Cir. 1999) (stating that Rule 32.1 is a "codification of *Morrissey*"); *United States v. Gonzalez*, No. 13-cr-424-WJM, 2016 WL 8458986, at *2 (D. Colo. May 18, 2016) (same). Therefore, under *Morrissey*, so long as Rule 32.1 is followed, a probationer will receive all the due process he is entitled to.

/ / /

It appears that no Court of Appeals has held that *Brady* applies to revocation proceedings. In fact, the Eleventh Circuit has specifically opined, albeit in an unpublished opinion, that "*Brady* only applies to criminal prosecutions and not to probation revocation hearings." *United States v. Ataya*, 145 F. App'x 331, 333 n.2 (11th Cir. 2005). The Seventh and Eighth Circuits have also addressed the question in dicta, but both courts ultimately declined to answer it. *See Neal*, 512 F.3d at 436–37; *United States v. Quiroz*, 374 F.3d 682, 684 (8th Cir. 2004). In support of his position, Defendant cites *United States v. Dixon*, 187 F. Supp. 2d 601, 604 (S.D. W. Va. 2002), in which the district court devised a special procedure for the disclosure of exculpatory evidence in a revocation proceeding. (Mot. Prod. 5, ECF No. 1157.) However, as the District of Colorado recognized in *Gonzalez*, "*Dixon* is an outlier," and it has not been followed "outside the one judicial district where it was adopted." 2016 WL 8458986, at *3. Defendant also cites *United States v. Ferrara*, No. 89-289-MLW, 2008 WL 2222033, at *3 (D. Mass. May 23, 2008), for the proposition that *Brady* applies to revocation proceedings. However, *Ferrara* has very little if any precedential value due to its lack of meaningful analysis and its complete failure to consider *Morrissey* and its progeny.

Defendant's reliance on *Brady* further fails because his motion concedes that the documents he seeks are in the custody of the probation office, and "while *Brady* applies to prosecutors in the 'guilt phase' of criminal proceedings, the Probation Office is not a prosecutor and 'supervised release revocation hearings are not criminal prosecutions.'" *Gonzalez*, 2016 WL 8458986, at *3 (citing *Neal*, 512 F.3d at 434).

> Unlike the prosecution, the Probation Office "serves as an investigative and supervisory arm of the court." *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998) (quoting *United States v. Burnette*, 980 F. Supp. 1429, 1433 (M.D. Ala. 1997)); *see also United States v. Combs*, 267 F.3d 1167, 1173 (10th Cir. 2001) ("the Probation Office . . . is a judicial agency"); *United States v. Reyes*, 283 F.3d 446, 455 (2d Cir. 2002) (describing Probation Officer as a "confidential advisor to the court," "the court's eyes and ears," and "a neutral information gatherer with loyalties to no one but the court" (internal quotation marks omitted)); *United*

*States v. Washington*, 146 F.3d 219, 223 (4th Cir. 1998) (Probation Office is "not an agent of the prosecution" (citation omitted)). Thus, disclosure pursuant to *Brady* "is not compelled . . . if the [evidence is] in the hands of . . . the probation office." *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir. 1988).

*Id.*

Lastly, the Court recognizes that the Government is required to produce any statement of a testifying witness that is in the Government's possession and that relates to the subject matter of the witness's testimony. Fed. R. Crim. P. 26.2(a)–(d), (f), 32.1(e). However, there is no requirement that the statement be provided prior to the witness testifying. *See United States v. Hudson*, No. 2:08-cr-048-RLH-RJJ, 2016 WL 953235, at *2 (D. Nev. Mar. 14, 2016). In fact, under Rule 26.2(a) the duty to produce witness statements is specifically triggered only *after* a witness has testified on direct examination. Accordingly, ordering such statements to be produced at this time would be premature.

In sum, Defendant has failed to establish that he has any present right to the disclosures he seeks to compel. For that reason, the Court denies the motion.

## CONCLUSION

IT IS HEREBY ORDERED that the emergency motion (ECF No. 1157) is DENIED.

IT IS SO ORDERED.
DATED: This 11ᵗʰ day of July, 2017.

_____
ROBERT C. JONES
United States District Judge